## UNITED STATES DISTRICT COURT
## DISTRICT OF KANSAS
## DODGE CITY DIVISION

| | |
|---|---|
| MARGARET A. PENNEL, | ) |
| Plaintiff, | ) |
| | ) 12-CV-1084-JWL-KGS |
| v. | ) |
| | ) **VERIFIED COMPLAINT** |
| CENTRAL STATES RECOVERY, INC., | ) (**Unlawful Debt Collection Practices**) |
| | ) |
| Defendant. | ) |

### PLAINTIFF'S VERIFIED COMPLAINT

MARGARET A. PENNEL ("Plaintiff"), through attorneys, KROHN & MOSS, LTD., alleges the following against CENTRAL STATES RECOVERY, INC. ("Defendant"):

### INTRODUCTION

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. 1692 et seq. ("FDCPA").

### JURISDICTION AND VENUE

2. Jurisdiction of this Court arises pursuant to 15 U.S.C. 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

3. Defendant conducts business in the state of Kansas; therefore, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. 1391(b)(2).

### PARTIES

5. Plaintiff is a natural person residing in Turon, Reno County, Kansas.

6. Plaintiff is a consumer as that term is defined by 15 U.S.C. 1692a(3), and according to Defendant, Plaintiff allegedly owes a debt as that term is defined by 15 U.S.C. 1692a(5).

7. Defendant is a debt collector as that term is defined by 15 U.S.C. 1692a(6), and sought to collect a consumer debt from Plaintiff.

8. Plaintiff is informed and believes, and thereon alleges, that Defendant is a collections business with an office in Hutchinson, Kansas.

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

10. In or around early 2010, Defendant began placing calls to Plaintiff seeking and demanding payment on an alleged debt.

11. Defendant calls Plaintiff from 620-663-8811, and possibly other numbers also.

12. Defendant calls Plaintiff at various numbers, including her and her husband's place of employment.

13. In or around May of 2011, Plaintiff informed Defendant that she is not to receive calls at her work.

14. Despite the foregoing, Defendant continued to call Plaintiff at her and also her husband's places of employment, on no less than four occasions subsequent to being told that such calls were not allowed.

15. Defendant has repeatedly threatened Plaintiff with legal action if the debt was not paid, or if automatic payments were not immediately arranged.

16. In May of 2011, Plaintiff received a call from Defendant's representative, Connie Combs ("Combs"), at her home.

17. Combs told Plaintiff that unless she immediately provided her bank account routing and checking information, she would be sued.

18. Combs also told Plaintiff that if she missed even a single monthly payment, she would be sued.

19. Fearing legal action, Plaintiff provided Combs her banking information, in order to set up monthly payments.

20. Despite having arranged and made monthly payments, Plaintiff is unable to get an accurate accounting from Defendant of how much she has actually paid, and how much remains to be paid on the debt.

21. In the summer of 2011, Combs told Plaintiff that the debt was satisfied and that she is paid up.

22. Despite the foregoing, in October of 2011 Combs again contacted Plaintiff, in connection with the same debt, and told her that now an additional amount- approximately $4,000 - was owed and that payment must be made immediately, or Plaintiff would be sued.

## COUNT I:
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

23. Defendant violated the FDCPA based on, but not limited to, the following:

   a. Defendant violated §1692d of the FDCPA by engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt;

   b. Defendant violated §1692e of the FDCPA through the use of false, deceptive, or misleading representation or means in connection with the collection of any debt;

   c. Defendant violated §1692e(2) by misrepresenting the character, amount, or legal status of any debt or any compensation which may be lawfully received by any debt collector for the collection of any debt;

   d. Defendant violated §1692e(5) of the FDCPA by threatening to take any action that cannot be legally taken or is not intended to be taken; and

   e. Defendant violated § 1692e(10) of the FDCPA through the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

WHEREFORE, Plaintiff, MARGARET A. PENNEL, respectfully requests judgment be entered against Defendant, CENTRAL STATES RECOVERY, INC., for the following:

24. Statutory damages of $1000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k;

25. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k; and

26. Any other relief that this Court deems appropriate.

27. Plaintiff designates Wichita as place for trial

RESPECTFULLY SUBMITTED,

By: */s/ Adam Maxwell*
Adam Maxwell (KS Bar No. 24706)
KROHN & MOSS, LTD.
10 N. Dearborn St. 3rd Fl.
Chicago, IL 60602
(312) 578-9428
amaxwell@consumerlawcenter.com
Attorneys for Plaintiff

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF KANSAS            )
                           )
COUNTY OF _____        )

Plaintiff, MARGARET A. PENNEL, states the following:

1. I am the Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Pursuant to 28 U.S.C. § 1746(2), I, MARGARET A. PENNEL, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

1-5-2012
Date

_Margaret A. Pennel_
MARGARET A. PENNEL

PLAINTIFF'S VERIFIED COMPLAINT